The opinion of the Court was delivered by
Manning, J.
Levi Thomas, Lewis Thomas and Anthony Woods were convicted of murder by a qualified verdict, “ without capital punishment,” and were sentenced to hard labor for life.
There are six hills of exception :
1. The Judge refused to charge an abstract principle of law, wliicb, though correct in itself, was inapfilicable to the case. The charge requested is inserted in the bill, but not the facts to which it was to be applied. The Judge assigns as reason for his refusal, that it was in no way applicable. It is not the duty of the court, nor is it proper to announce to the jury abstract propositions of law not involved in the pleadings and evidence, however correct those propositions may he, and the defendants have not enabled ns to judge whether the charge requested was applicable. Bishop’s Crim. Proc., §978; Wharton’s Crim. PI. and Prao., §712; State vs. Stouderman, 6 An. 287, not in the syllabus.
. 2. The defendants’ motion for a new trial was overruled, the ground of the motion being that the verdict was contrary to the law and the evidence. There was no need to make this the subject of a bill. Tlie motion was the usual and necessary formality.
3. The Judge wrote his charge as requested, and read from the manuscript, but he had occasion to quote from Wharton, and read the passage from the hook. He says he “ could see no difference between reading from the printed pages of Wharton, and copying from the book, and reading the copy.”
Nor can we.
*1085 4. The court charged that “ one cannot invoke the law of self-defense in a case where malice is shown to have existed against the party’ killed before the personal difficulty commenced, even though the defendant be placed in the attitude of great personal danger by the assaulted party after the defendant had made the first attack.”
The charge is obscurely worded, but could scarcely mislead the jury. As we interpret it, it is not error.
5. This is similar to the first bill, the abstract principle to be charged being different, but the reason of refusal the same.
6. The court directed the clerk to transcribe from Wharton the passage read to the jury, and incorporate it in his charge. The defendants appear to suppose that it was rigorously sacramental that the Judge should transcribe from the law book, and read the. passage from his manuscript, and not having transcribed it, but having read it from the book, that neither Judge nor clerk could then insert it in the charge.
We do not think it necessary to do more than state the objection to show its frivolousness. Without the incorporation of the printed passage in the transcribed charge, it would have been incomplete in the record.
There is also an assignment of errors, containing two points of objection:
1. The verbal order to the sheriff to summon talesmen did not instruct him specially to summon them from the bystanders or men jrresent in the court room.
It is not required that talesmen should be summoned from the bystanders, and sometimes there is the best of reasons why they should not be.
2. The sentence is alleged to be unconstitutional, because the Judge-refused to assign any reasons for his judgment, and did not sign it.
Judgments in criminal proceedings are not required to be signed. We do not understand what is meant by the Judge’s not assigning reasons for his judgment, unless the defendants’ counsel imagined it was needful in sentencing a criminal, to have any other reason than a verdict of conviction by a jury, after a trial-regular in form.
. Judgment affirmed.